IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JESUS SIDON,<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | Nos.　4:19-CV-293-O<br>　　　　(4:16-CR-122-O-6) |

## MOTION TO DISMISS ACTION UNDER 28 U.S.C. § 2255 AS UNTIMELY AND TO SUSPEND BRIEFING SCHEDULE

The government moves to dismiss this action as barred by the statute of limitations. The government also asks the Court to suspend the briefing schedule pending a ruling on this motion and, if denied, for an additional 30 days to file a response.

## STATEMENT OF THE CASE

Sidon pleaded guilty to a superseding information charging conspiracy to possess with intent to distribute methamphetamine.  (CR No. 119, 123, 124, 618.)[1]  The Court imposed a sentence of 240 months, entering judgment on January 5, 2017.  (CR Nos. 77.) Sidon appealed, but the Court of Appeals dismissed that appeal on November 27, 2017.[2] *United States v. Sidon*, 704 F. App'x 384 (5th Cir. 2017); (CR No. 740).  He did not seek certiorari review by the Supreme Court, so his conviction became final on the next business day after the time for seeking review expired (90 days later) on February 26, 2018.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).

---

[1] "CR No. __" refers to the docket of the underlying criminal proceeding.  "CV No. __" refers to the docket of this Section 2255 action.

[2] Time runs from the date of entry of judgment, not the date the mandate issues.  *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

## ARGUMENT AND AUTHORITIES

### Standard of review

A Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a [S]ection 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing on his Section 2255 motion unless he "presents independent indicia of the likely merit of [his] allegations," although "this requirement must be understood practically, in the context of the claim being presented." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") enacted a limitation period in which to file a motion under Section 2255. It provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year limitation period "typically begins to run on the date on which the judgment of conviction becomes final." *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000) (internal marks omitted); 28 U.S.C. § 2255(f)(1).  A criminal judgment becomes final when the time for seeking direct appeal expires.  *Plascencia*, 537 F.3d at 388-89.  When a defendant appeals to a circuit court of appeals and is unsuccessful but does not seek certiorari review in the Supreme Court, the judgment becomes final when the time for filing a petition for writ of certiorari expires.  *Clay*, 537 U.S. at 532.

The one-year limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  The doctrine "preserves a [prisoner's] claims when strict application of the statute of limitations would be inequitable." *Patterson*, 211 F.3d at 930.  Even so, the doctrine "is applied restrictively" and "only in rare and exceptional circumstances." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (internal marks omitted).  A prisoner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (internal marks omitted).  "A [prisoner's] failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the [prisoner's] own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (internal marks omitted).  Indeed, the "doctrine of equitable tolling is not applied where a

[prisoner] has failed to pursue relief diligently." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). The Supreme Court admonished that the equitable-tolling inquiry is case-by-case, and explained that:

> [C]ourts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.

*Holland*, 130 S. Ct. at 2563. The prisoner "bears the burden of proof concerning equitable tolling . . . ." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The time for Sidon to petition the Supreme Court for a writ of certiorari expired on February 26, 2018—the first business day after the expiration of 90 days[3] from the date the Court of Appeals entered judgment. (*See* CR No. 740.) The one-year statute of limitations thus began to run on that date and ended following the expiration of one year: Monday, February 26, 2019. *See Plascencia*, 537 F.3d at 388-89. Sidon's first filing here attested, under penalty of perjury, that his motion was placed in the prison mailing system on March 25, 2019. (CV No. 1 at 14.) Thus, that document should be considered "filed" on that date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (extending prisoner mailbox rule to habeas applications). The government treats that date as the date the instant motion was filed. Sidon thus filed his motion more than one year after this Court's judgment became final. Sidon's Section 2255 motion is therefore untimely, and he has not sought equitable tolling, nor does his motion or the record show any basis for it. Because he has not

---

[3] *See* S. Ct. R. 13(1).

4

attempted to satisfy his burden of demonstrating he should benefit from equitable tolling, his motion should be dismissed.

## CONCLUSION

The Court should dismiss Sidon's motion as time barred.  The government also respectfully requests the Court to suspend the briefing schedule until the Court rules on this motion to dismiss, which is both in the interest of economy and consistent with the Court's order that timeliness be raised by motion.  (*See* CV No. 5 at 1.)  If the Court denies this motion, the government respectfully requests an additional 30 days to file an answer.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Brian W. Portugal*
Brian W. Portugal
Assistant United States Attorney
Texas Bar No. 24051202
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:   214-659-8600
brian.portugal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 30, 2019, I filed this motion with the clerk of court for the U.S. District Court, Northern District of Texas.  A copy was served on Jesus Sidon, Register Number 54164-177, FCI Beaumont Low, Federal Correctional Institution, P.O. Box 26020, Beaumont, TX 77720, by certified mail.

*s/ Brian W. Portugal*
Brian W. Portugal
Assistant United States Attorney