IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JESUS SIDON, | § |
| Movant, | § |
| VS. | § NO. 4:19-CV-293-O |
| | § (NO. 4:16-CR-122-O) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the motion of Jesus Sidon, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, Nov. 4:16-CR-122-O, styled "United States v. Valentin Velazquez, et al.," and applicable authorities, finds that the motion must be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 15, 2016, movant was named along with others in a three-count superseding information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 119. Movant and his counsel[2] signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-122-O.
[2] Initially, Carolyn Hill was appointed to represent movant. CR Doc. 4. William Cox filed an agreed motion to substitute as retained counsel for movant, CR Doc. 24, which was granted. CR Doc. 26.

establishing that movant had committed the offense charged. CR Doc. 124. They also signed a waiver of indictment. CR Doc. 123. On June 23, 2016, movant appeared for arraignment before the United States Magistrate Judge to enter a plea of guilty. CR Doc. 180. He and his counsel signed a consent to administration of guilty plea and allocution by the magistrate judge. CR Doc. 181. Movant testified under oath that: He was able to understand the proceedings through the court interpreter; he understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he understood his right to indictment and waived that right; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and the stipulated facts in the factual resume were true and correct. CR Doc. 618 at 4–41. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 42. He issued a report and recommendation that the plea be accepted. CR Doc. 182. Movant did not file objections and the Court accepted the plea. CR Doc. 226.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 38. CR Doc. 344, ¶ 85. He received two-level increases for possession of firearms, *id.* ¶ 86, importation, *id.* ¶ 87, and maintaining a drug premises. *Id.* ¶ 88.

2

He received a three-level increase for being a manager or supervisor. *Id.* ¶ 90. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 94, 95. Based on a total offense level of 43 and a criminal history category of I, movant's guideline imprisonment range was life. However, the statutorily authorized maximum sentence was 40 years, so the guideline range became 480 months. *Id.* ¶ 130. The probation officer prepared an addendum to the PSR to provide additional information regarding movant's eligibility for deportation. CR Doc. 448. Movant filed objections to the PSR,[3] CR Doc. 600, and the probation officer prepared a second addendum to the PSR. CR Doc. 602.

On December 12, 2016, movant and his counsel Phillip Hayes appeared for sentencing. CR Doc. 695. When the Court inquired whether counsel had received in a timely manner the PSR, addendum, and second addendum, movant interjected to claim that he "didn't get one. I haven't seen it." *Id.* at 2. Counsel stated that he had "gone over with a translator at the jail with it twice." *Id.* at 2–3. Movant claimed that the documents had not been read to him. *Id.* at 3. The Court recessed the sentencing so that counsel could read him the documents. *Id.* at 4. The sentencing hearing resumed January 3, 2017. CR Doc. 696. Counsel represented that he had met with movant and gone over for a third time the PSR, addendum, and second addendum. *Id.* at 3. Movant did not dispute this. CR Doc. 696. When given an opportunity to speak, movant said that he was being charged for what his brother did. *Id.* at 8.

---

[3] By this time, Tim Jeffrey and Phillip Hayes had been substituted as retained counsel in the place of Cox. CR Doc. 357; CR Doc. 358. They sought, CR Doc. 370, and the Court granted, CR Doc. 371, additional time in which to prepare for sentencing.

3

Movant was sentenced to a term of imprisonment of 240 months. CR Doc. 654. He appealed,[4] CR Doc. 661, and his appeal was dismissed. *United States v. Sidon*, 704 F. App'x 384 (5th Cir. 2017). Movant timely filed a motion for rehearing, which was denied.

## II. GROUNDS OF THE MOTION

Movant raises four grounds in support of his motion. Doc.[5] 1. They are:

> GROUND ONE: Counsel was effectively not available at material stages of the trial.

*Id.* at 4.

> GROUND TWO: Counsel was ineffective for failing to investigate.

*Id.* at 5.

> GROUND THREE: Counsel failed to discuss any trial strategy on the case at all with [movant].

*Id.* at 7.

> GROUND FOUR: Appellate counsel was ineffective for failure to investigate or consult with [movant].

*Id.* at 8.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or

---

[4] The appeal was filed by Tim Jeffrey, who in the same document sought leave to withdraw. CR Doc. 661. The Court granted the motion and appointed Gregory Sherwood to represent movant on appeal. CR Docs. 669, 670.
[5] The "Doc. __" reference is to the number of the item on the docket in this civil action.

jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Plaintiff's grounds are all based on ineffective assistance of counsel. In support, he makes a number of conclusory allegations, such as failure to conduct an adequate investigation, failure to establish a trial strategy, and failure to object to discrepancies in the PSR. Doc. 2. Likewise, his declaration in support of the motion is largely conclusory and simply amounts to a denial of conduct to which he admitted in open court. *Id.* at PageID[6] 382–83. Basically, movant takes the position that he was practically blind and could not see what was going on around him. He did not join any drug conspiracy. Only his first attorney could speak Spanish and the others did not bring interpreters when they met with him. No one would explain anything to him. Even in court with an interpreter he did not understand most of the time what was going on. He was treated unfairly because he is blind and does not speak English.[7] *Id.*

One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v.*

---

[6] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the documents attached to movant's brief are not consecutively numbered.

[7] And yet he says that Cox told him that if he pleaded guilty he could go home. Doc. 2 at PageID 382.

*Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Movant does neither. He simply says that none of his attorneys did any discovery, asked movant about anything, or challenged alleged phone calls. Doc. 2 at PageID 383. However, mere assertion of lack of preparation is not sufficient to state a claim. *United States v. Oakley*, 827 F.2d 1023, 1025–26 (5th Cir. 1987).

Movant complains that an expert was not hired to tell the difference between liquid and powder methamphetamine but offers no explanation as to how this would have changed the outcome. The PSR, upon which the Court was entitled to rely and did rely, clearly sets forth the drug calculations.[8] *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Movant's counsel lodged objections to the PSR that were much stronger than any challenge of the quantity of drugs attributed to movant would have been. CR Doc. 600. Such decisions are virtually unchallengeable and cannot be made without showing that the choice to focus on certain objections was unreasonable as a matter of law. *Moore v. Johnson*, 194 F.3d 586, 591–92 (5th Cir. 1999). Movant cannot meet the test.

Movant has made no attempt to show that any of the laundry list of items about which he complains affected the voluntariness of his plea. A valid guilty plea waives all nonjurisdictional defects, including ineffectiveness (except as it relates to the voluntariness of the plea). *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). The Court is satisfied that movant is not claiming that his plea was not knowing, voluntary, and intelligent.[9] If the Court is mistaken and movant is somehow making that claim, he could not prevail. Any contention that movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he

---

[8] Remarkably, movant complains that he was only held accountable on dates he was identified at the 3300 Reed residence. Doc. 2 at 9 (citing CR Doc. 344, ¶ 27).
[9] Movant does make conclusory allegations about his failure to understand what was going on. These, too, are belied by the record.

understood that he was waiving his right to an indictment; that he understood the elements of the offense and that he committed all of the essential elements of the offense; that he understood that he could be deported as a result of his conviction and that he had discussed that matter with his attorney; that he understood he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; that he understood his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. The magistrate judge specifically explained to movant that the Court was not bound by the stipulated facts and could take into account other facts not mentioned in the stipulations. Movant testified that he understood. CR Doc. 618. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id*. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the

8

light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). That is the case here.

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Further, movant could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's alleged representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

Movant complains that his appellate counsel failed to investigate or consult with him. Doc. 1 at 8. He again alleges that "the drugs at issue are 'liquid meth' not 'powder meth.'" *Id.* The PSR reflects that both were involved, and as explained *supra*, movant does not explain what could or should have been done in that regard that would have affected the outcome of his case. He also urges that counsel was ineffective for filing an *Anders*[10] brief. Movant admits that his counsel sent him a copy of the brief along with a letter (also translated into Spanish) advising movant that he could file his own brief explaining the issues he thought should be raised. Doc. 2 at PageID 364, 365. In fact, movant filed a response, but the appeal was dismissed because it did not present any nonfrivolous issue for review. *Sidon*, 704 F. App'x at 385. Movant received a sentence of half the 480 month guideline range. It is inconceivable that he could have received ineffective assistance on appeal. He certainly has not shown that such was the case.

Finally, with regard to movant's allegations that his various attorneys failed to communicate with him in Spanish, the Court notes that movant retained all but the first attorney, who did speak Spanish. Although clearly not afraid to speak up, CR Doc. 695, movant never

---

[10] *Anders v. California*, 386 U.S. 738 (1967).

9

informed the Court that he did not understand the proceedings or was being forced to do anything or could not communicate with his counsel. As he points out, he did write to the Court two months after the issuance of the PSR and one month after the addendum, to ask for help in getting back $2,500 that the marshal had seized at movant's arrest. CR Doc. 589. The letter reflects that movant was not happy with Cox and had fired him as a result. More importantly, it reflects that movant was able to communicate with Cox and understood the subtleties of communication, in particular, that Cox's attitude had changed. *Id.* Movant simply has not shown that he has any plausible ground for relief.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 14th day of June, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE